UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT NEIL, | Civil Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| INSITE STREET MEDA, LLC, | Jury Demanded |
| Defendants. | |

Plaintiff ROBERT NEIL ("Plaintiff" or "Mr. Neil"), by his attorneys, LEVINE & BLIT, PLLC, complaining of Defendant INSITE STREET MEDIA, LLC ("Insite"), as follows:

## NATURE OF THE ACTION

1. This action is brought to remedy Defendants' unlawful discrimination, based upon race and color, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the New York State Human Rights Law, New York State Executive Law §296, *et seq.* ("Executive Law").

2. Defendant's actions were unlawful, and Plaintiff seeks injunctive and declaratory relief, lost wages, compensatory and punitive damages, costs and attorneys' fees, and other appropriate legal and equitable relief pursuant to Title VII and the Executive Law, and such other and further relief as the Court deems necessary and proper.

## JURISDICTION and VENUE

3. Jurisdiction of this Court is appropriate pursuant to 28 U.S.C. §1331 and 1367.

4. Venue of this Court is appropriate pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

1

## THE PARTIES

5. Plaintiff is a black, African American male.

6. Defendant Insite, upon information and belief, is a limited liability company headquartered in the State of Georgia, and has an office at 3000 Westchester Avenue, Purchase, NY.

7. At all times relevant to this action, Insite was an "employer" within the meaning of Title VII and the Executive Law.

8. At all times relevant to this action, Plaintiff was an "employee" of Defendant Insite within the meaning of Title VII and the Executive Law.

9. At all times relevant to this action, plaintiff had the skills, experience and qualifications necessary to work in his employment position for Insite.

10. At all times relevant to this action, Ellen Pollack-Reive ("Pollack-Reive"), Mr. Neil's immediate supervisor, and Nikita Rogers ("Rogers"), Insite's Human Resources Manager, served Mr. Neil in a managerial capacity, and were in positions of authority to undertake or recommend tangible employment decisions and control the terms and conditions of Plaintiff's employment.

## ADMINISTRATIVE PREREQUSITIES

11. Prior to filing this action, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation and violations of Title VII. Plaintiff's EEOC charge arises out of many of the same facts alleged herein.

12. On or about September 22, 2020, Plaintiff received a copy of a Notice of Right to Sue issued by the EEOC in connection with his previously filed Charge of Discrimination. Plaintiff filed this Complaint, within 90 days of Plaintiff's receipt of the EEOC Right to Sue.

## FACTUAL ALLEGATIONS

13. In or around February 2018, Mr. Neil became employed by Defendant Insite to work as a Technician in its Operations department.

14. In or around March 2019, Mr. Neil's position in the company changed to "Account Executive" in Insite's Sales department. Mr. Neil was referred for the position by his former supervisor, Dick Mckay ("Mckay"), Manager of Operations, particularly because of Mr. Neil's extensive sales background. In his new position in Sales, Mr. Neil directly reported to Pollack-Reive.

*Facts Related to Discrimination, Harassment, and Hostile Work Environment Based Upon Race and Color*

15. Pollack-Reive treated Mr. Neil in a hostile, discriminatory, and condescending manner, and did not treat any non-black, non-African American employees in the same way.

16. For example, on or about April 22, 2019, in a work meeting Pollack-Reive addressed Mr. Neil in a condescending and disrespectful manner, one in which she did not use to address other employees. It is imperative to note that, upon information and belief, Mr. Neil was the only African American employee.

17. From on or about May 14, 2019 to on or about July 14, 2019, Mr. Neil was on medical leave for surgery and recovery. During this time period, Mr. Neil spoke with an individual in Insite's Human Resources Department so that he could access his work email in order to continue to communicate with staff and clients during his medical leave. Mr. Neil wanted to maintain contact with staff and clients during his absence as a show of common professionalism.

18. Mr. Neil was made aware by the individual in Human Resources that his password was changed by Pollack-Reive. As a result, Mr. Neil was unable to maintain his professional

standing in the company during his leave. Upon information and belief, it was not normal procedure for an employee's password to be changed during leave. Again, Mr. Neil's supervisor treated him differently, and less favorably, due to his race and color.

19. Then, on or about July 15, 2019, Pollack-Reive admonished Mr. Neil for no legitimate, non discriminatory reason. During this encounter, Pollack-Reive spoke to Mr. Neil in a derogatory and dismissive manner, a way in which she did not address other employees.

20. Not only has Pollack-Reive spoken to Mr. Neil in a degrading manner and falsely accused him of rearranging his work schedule, but also later falsely accused him of "having childcare issues."

21. Shortly thereafter, on or about July 26, 2019, Pollack-Reive once again admonished Mr. Neil for no legitimate reason, for entering data from the day before. Mr. Neil politely explained that he, pursuant to his job, he ended his day in the field after attempting to seek potential clients, so he could not add the data until the next morning. Pollack-Reive then screamed at Mr. Neil and said "Didn't I tell you to enter in your activities at night? Do them while you're at home watching TV or whatever it is that you do at night," though Mr. Neil was not authorized to work overtime nor receive overtime pay, and though Pollack-Reive did not treat other employees in such a manor.

22. Pollack-Reive continued with the illegitimate harassment, directed at Mr. Neil due to his race she color. Pollack-Reive then, once again, falsely accused Mr. Neil of coming into work late because of his childcare issues. Again, Pollack-Reive singled Mr. Neil out for no legitimate reason. However, Mr. Neil did not come into work late, he did not have any childcare issues, and he did not ever request a different work schedule.

*Facts Related to Retaliation for Protected Activity*

23. Mr. Neil engaged in protected activity on or about July 28, 2019 when he emailed all of the above discriminatory acts to Rogers. Mr. Neil explicitly stated he was discriminated against based upon his race and afraid of losing his job. Mr. Neil also stated in this email that he did everything in his power to resolve the conflict with Pollack-Reive and requested to be transferred as he anticipated that his work environment would become even more hostile upon receipt of the complaint.

24. Rogers responded to Mr. Neil's formal complaint by allowing Mr. Neil to work from home and the field given Pollack Reive's blatant discriminatory and hostile treatment.

25. Two days later, on or about July 30, 2019, Insite's Human Resources Department confirmed Mr. Neil's complaint of discrimination and stated an "investigation" would be conducted.

26. Despite the hostile work environment Mr. Neil continued to excel at his job and on or about August 1, 2019, Mr. Neil secured a very large deal. He informed his supervisors, including Pollack-Reive and Human Resources of his success.

27. Then, on or about August 5, 2019, Pollack-Reive emailed Mr. Neil and requested that he report to the office, as he was still working from home/the field due to Pollack-Reive's disrespectful behavior.

28. The next day, on or about August 6, 2019, Mr. Neil went into the office, and Pollack-Reive approached Mr. Neil and told him to come into her office, and directed Mr. Neil to leave his phone at his desk because she did not want to be recorded. Pollack-Reive was referencing the investigation that Human Resources stated that they were conducting.

29. Mr. Neil then met with Pollack-Reive and Mckay, and Rogers via telephone. At this meeting Pollack-Reive screamed at Mr. Neil for no legitimate reason. Then, Pollack-Reive fired Mr. Neil for no legitimate, nondiscriminatory or nonretaliatory reason. Mr. Neil was not informed, at any point, as to the outcome of the investigation into the discrimination he faced. Mr. Neil was not placed on a performance improvement plan, disciplined, or informed of any performance issues prior to his termination.

30. Insite had no legitimate, non-discriminatory, non-retaliatory reason for terminating Mr. Neil's employment. Insite directly retaliated against Mr. Neil due to his protected complaint.

31. As a result of Defendants' actions and inactions, Mr. Neil's professional goals and growth have been limited, his finances negatively impacted, and he has experienced extreme emotional distress due to Defendant's unlawful actions.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS

(Discrimination under Title VII)

32. Plaintiff herby repeats and realleges each allegation contained in the above articulated paragraphs, as fully set forth herein.

33. Pursuant to Title VII, it is an unlawful employment practice for an employer to discharge from employment or discriminate against an employee in compensation or in terms, conditions, or privileges of employment based upon that employee's race and/or color.

34. Plaintiff is a member of a protected class under Title VII. The Plaintiff was subjected to discrimination based on race and color in the terms and conditions of his employment due to the unlawful behavior perpetrated by defendants.

35. Defendants condoned the discriminatory acts and practices as alleged above. Plaintiff suffered and will continue to suffer substantial losses due to the hostile work environment

to which he was subjected and his subsequent termination, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for inter alia, mental anguish, emotional distress, and humiliation.

36. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under Title VII, and are thereby liable to Plaintiff for compensatory and other damages under Title VII.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS

(Harassment and Hostile Work Environment under Title VII)

37. Plaintiff hereby realleges each allegation contained in the Complaint as fully set forth at length herein.

38. Pursuant to Title VII, it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation that is sufficiently severe or pervasive to alter the conditions of Plaintiff's work environment.

39. Plaintiff is a member of a protected class under Title VII. Based upon the Defendants' discriminatory and harassing acts and practices as alleged above, the plaintiff was subject to a workplace which was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of his work environment.

40. Defendants condoned the discriminatory acts and practices as alleged above. Plaintiff suffered and will continue to suffer substantial losses due to the hostile work environment to which he was subjected, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for inter alia, mental anguish, emotional distress, and humiliation.

41. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under Title VII, and are thereby liable to Plaintiff for compensatory and other damages under Title VII.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS

(Retaliation under Title VII)

42. Plaintiff hereby realleges each and every allegation contained in the entirety of this Complaint as fully set forth herein.

43. Pursuant to Title VII, it is an unlawful employment practice for an employer to discharge or expel an employee because the individual has opposed discriminatory practices or filed a complaint based on discrimination in the workplace.

44. The Plaintiff's employment was terminated for no legitimate reason on or about nine days after he complained about discrimination in the workplace, seven days after an investigation was opened into the aforementioned discrimination.

45. Plaintiff suffered and will continue to suffer substantial losses due to his unjust and illegal termination, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for inter alia, mental anguish, emotional distress, and humiliation.

46. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under Title VII, and are thereby liable to Plaintiff for compensatory and other damages under Title VII.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS

(Discrimination under the Executive Law)

47. Plaintiff herby repeats and realleges each allegation contained in the above articulated paragraphs, as fully set forth herein.

48. Pursuant to the Executive Law, it is an unlawful employment practice for an employer to discharge from employment or discriminate against an employee in compensation or in terms, conditions, or privileges of employment based upon that employee's race and/or color.

49. Plaintiff is a member of a protected class under the Executive Law. The Plaintiff was subjected to discrimination based on race and color in the terms and conditions of his employment due to the unlawful behavior perpetrated by defendants.

50. Defendants condoned the discriminatory acts and practices as alleged above. Plaintiff suffered and will continue to suffer substantial losses due to the hostile work environment to which he was subjected and his subsequent termination, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for inter alia, mental anguish, emotional distress, and humiliation.

51. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights the Executive Law, and are thereby liable to Plaintiff for compensatory and other damages under the Executive Law.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS

(Harassment and Hostile Work Environment under the Executive Law)

52. Plaintiff hereby realleges each allegation contained in the Complaint as fully set forth at length herein.

53. Pursuant to the Executive Law, it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation that is sufficiently severe or pervasive to alter the conditions of plaintiff's work environment.

54. Plaintiff is a member of a protected class under the Executive Law. Based upon the Defendants' discriminatory and harassing acts and practices as alleged above, the plaintiff was subject to a workplace which was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of his work environment.

55. Defendants condoned the discriminatory acts and practices as alleged above. Plaintiff suffered and will continue to suffer substantial losses due to the hostile work environment to which he was subjected, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for inter alia, mental anguish, emotional distress, and humiliation.

56. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under the Executive Law, and are thereby liable to Plaintiff for compensatory and other damages under the Executive Law.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS

(Retaliation under the Executive Law)

57. Plaintiff hereby realleges each and every allegation contained in the entirety of this Complaint as fully set forth herein.

58. Pursuant to the Executive Law, it is an unlawful employment practice for an employer to discharge or expel an employee because the individual has opposed discriminatory practices or filed a complaint based on discrimination in the workplace.

59. The Plaintiff's employment was terminated for no legitimate reason on or about nine days after he complained about discrimination in the workplace, seven days after an investigation was opened into the aforementioned discrimination, without ever being informed of the conclusion of the investigation.

60. Plaintiff suffered and will continue to suffer substantial losses due his unjust and illegal termination, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for inter alia, mental anguish, emotional distress, and humiliation.

61. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under the Executive Law, and are thereby liable to Plaintiff for compensatory and other damages under the Executive Law.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter a judgement containing the following relief:

(a) Declaring the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, as amended, and the New York State Human Rights Law, Executive Law §296, *et seq.*;

(b) Enjoining and permanently restraining Defendants from engaging in future unlawful acts of discrimination, harassment, and retaliation;

(c) Directing Defendants to pay Plaintiff monetary, compensatory, liquidated and punitive damages as provided by Title VII and the Executive Law;

(d) Awarding Plaintiff such interest as is allowed by law;

(e) Awarding Plaintiff reasonable attorneys' fees and costs, and,

(f) Granting such other and further relief as the Court deems necessary and proper.

Dated: November 15, 2020                          /s/Russell S. Moriarty, Esq.
                                                  Levine & Blit, PLLC
                                                  350 5th Ave, Suite 4020
                                                  New York, NY 10118
                                                  Tel: (212)967-3000
                                                  Email: RMoriarty@LevineBlit.com